UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In re:

**VERONICA LEE WALDMAN,**  Case Number 17-18280-BKC-LMI
SSN XXX.XX.2330  Chapter 13

    Debtor.
_____/

# EMERGENCY RELIEF REQUESTED

### Reason for Exigency

*On January 9, 2018, the Court set a deadline of Tuesday, January 16, 2018 for the Debtor to remit a replacement cashier's check to undersigned counsel for forwarding to the Chapter 13 Trustee. The Chapter 13 Trustee was to present the court with an order of dismissal on the case if undersigned counsel did not possess the replacement check by this date. Wells Fargo, the bank which provided the previous cashier's checks, has advised the Debtor that the full credit of the cashier's checks will be available in the Debtor's account within 10 business days or less from today's date. The Debtor seeks an extension of time to allow for Wells Fargo to finish processing the credit for the cashier's checks in to her account and to provide a replacement cashier's check to undersigned counsel.*

### EMERGENCY MOTION TO EXTEND TIME TO REMIT PAYMENT DUE TO CHAPTER 13 TRUSTEE

The Debtor, **VERONICA LEE WALDMAN**, by and through her undersigned counsel, hereby files this *Emergency Motion to Extend Time to Remit Payment Due to Chapter 13 Trustee*, and states:

1. On January 9, 2018, the Court held a confirmation hearing on this case.

2. At the hearing, the Court addressed the issue of the Debtor being in arrears on payments to the Chapter 13 Trustee in the amount of $26,164.00.

3. Undersigned counsel advised the Court that the Debtor represented to undersigned counsel that cashier's checks totaling $26,164.00 were mailed to the Trustee.

4. Additionally, the Court was advised that the Debtor had posted a bond on the missing cashier's checks pending Wells Fargo's investigation on the status of the cashier's checks and reissuance of a replacement check.

5. Based on these grounds, the Court ordered the Debtor to remit the replacement cashier's check to undersigned counsel on January 16, 2018. If the replacement check was not received by the deadline, the Trustee was to upload an order dismissing the case.

6. Wells Fargo has completed their investigation of the missing cashier's checks and have determined that the cashier's checks have not been presented.

7. Wells Fargo provided the Debtor written notification that the full credit for the missing cashier's checks will be credited to the Debtor's account within <u>10 business days or less</u> from today's date. A copy of the Wells Fargo correspondence received by the Debtor is attached hereto as Exhibit "A".

8. The Debtor does not have the ability to remit a replacement check in the amount of $26,164.00 until the funds for the missing cashier's checks are credited to her account.

9. The Debtor requests an extension of time of 10 business days, through January 30, 2018, to obtain the replacement cashier's check from Wells Fargo in the amount of $26,164.00 and to deliver same to undersigned counsel for forwarding to the Trustee.

10. The Debtor requests the Trustee to withhold dismissal of her case until after the expiration of the January 30, 2018 deadline.

**WHEREFORE**, the Debtor seeks an order extending the deadline to remit the replacement cashier's check in the amount of $26,164.00 to undersigned counsel through January 30, 2018, extending the deadline for the Trustee to dismiss the case until after the expiration of the January 30, 2018 extension deadline, and for any other relief deemed just and proper in the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent, via Regular U.S. Mail to all parties on the attached service list and via CM/ECF to all parties listed below this 16th day of January 2018.

- Nancy K. Neidich, Chapter 13 Trustee at e2c8f01@ch13herkert.com.
- Laquer Family Holdings Limited Partnership c/o Alan Rosenberg, Esq., Counsel for Creditor, at arosenberg@mrthlaw.com.
- Yacht Harbour Condominium Association, Inc. c/o Jeffrey S. Berlowitz at jberlowitz@srhl-law.com

**CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**KINGCADE & GARCIA, P.A**
Counsel for the Debtor
Kingcade Building
1370 Coral Way
Miami, Florida 33145-2960
WWW.MIAMIBANKRUPTCY.COM
Telephone: 305-285-9100 ▪ Facsimile: 305-285-9542
/s/ Timothy S. Kingcade
x  Timothy S. Kingcade, Esq., FBN 082309
☐  Wendy Garcia, Esq., FBN 0865478
☐  Jessica L. McMaken, Esq., FBN 580163

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 17-18280-LMI<br>Southern District of Florida<br>Miami<br>Thu Nov 30 17:18:03 EST 2017 | Synchrony Bank<br>PRA Receivables Management, LLC<br>c/o Valerie Smith<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Miami Dade County Tax Collector (Windley)<br>200 NW 2 Ave #430<br>Miami, FL 33128-1733 |
| Yacht Harbour Condominium Association, Inc.<br>c/o Siegfried, Rivera, Hyman, et al.<br>c/o Jeffrey Berlowitz, Esq.<br>201 Alhambra Circle, 11th Floor<br>Coral Gables, FL 33134-5107 | Cbna<br>POB 6189<br>Sioux Falls, SD 57117-6189 | Checksystems<br>7805 Hudson Road<br>Saint Paul, MN 55125-1703 |
| Child Support Enforcement<br>POB 8030<br>Tallahassee, FL 32314-8030 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Equifax<br>POB 740241<br>Atlanta, GA 30374-0241 |
| Experian<br>POB 2002<br>Allen, TX 75013-2002 | Florida Department of Revenue<br>5050 W Tennessee St.<br>Tallahassee, FL 32399-0100 | IRS Centralized Bankruptcy Department<br>POB 4346<br>Philadelphia, PA 19118-8346 |
| LVNV Funding, LLC its successors and assigns<br>assignee of Soaring Capital, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Laquer Family Holdings Limited Partnership<br>50 South Point Dr Unit 3301/3303<br>Miami Beach FL 33139-4767 | MTAG AS CUSTODIAN<br>FOR CAZ CREEK FLORIDA IV LLC<br>PO BOX 54073<br>NEW ORLEANS, LA 70154-4073 |
| Miami Dade Tax Collector<br>200 NW 2nd Ave<br>Miami FL 33128-1733 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Transunion<br>POB 1000<br>Chester, PA 19016 |
| Yacht Harbor Condo Association<br>POB 31600<br>Tampa FL 33631-3600 | Yacht Harbour Condominium Assoc, Inc.<br>POB 31600<br>Tampa, FL 33631-3600 | Yacht Harbour Condominium Association Inc<br>c/o Siegfried,Rivera,Hyman, et. al.<br>c/o Jeffrey S. Berlowitz, Esq.<br>201 Alhambra Circle, 11th Floor<br>Coral Gables, Florida 33134-5107 |
| Nancy K. Neidich<br>www.ch13miami.com<br>POB 279806<br>Miramar, FL 33027-9806 | Timothy S Kingcade Esq<br>1370 Coral Way<br>Miami, FL 33145-2960 | Veronica Lee Waldman<br>2901 South Bayshore Drive PH-B<br>Coconut Grove, FL 33133-6004 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Department of the Treasury
POB 21126
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)LAQUER FAMILY HOLDINGS LIMITED PARTNERSHIP     (u)Miami                              End of Label Matrix
                                                                                        Mailable recipients   23
                                                                                        Bypassed recipients    2
                                                                                        Total                 25
```

**From:** <CustomerAlerts@notify.wellsfargo.com>
**Date:** Tuesday, January 16, 2018 at 12:05 PM
**To:** "Certified Diamonds & Gemstones, Inc." <steve@certifieddiamonddealers.com>
**Subject:** Ref: Resolution Of Cashier's Check Claims



EXHIBIT A

**From:** <CustomerAdvocate@WellsFargo.com>
**Date:** Tuesday, January 16, 2018 at 12:05 PM
**To:** "Certified Diamonds & Gemstones, Inc." <steve@certifieddiamonddealers.com>
**Subject:** Resolution Of Cashier's Check Claims



**From:** CustomerAdvocate@WellsFargo.com
🔒 Authenticated by wellsfargo.com    ✓ Valid Signature (Help)

🖨 Print

**To:** Steve@CertifiedDiamondDealers.com

**Sent:** Tuesday January 16, 2018 12:05 PM

**Subject:** Ref: Resolution Of Cashier's Check Claims

**Attached:**

Steve,

At your prior request, please be advised that our Customer Advocate Executive Office has researched your submitted multiple claims regarding Cashier's Checks payable to *Nancy K. Neidich, Chapter 13 Trustee.*

You have been informed, that during the processing of your previously submitted Declaration of Loss and corresponding Surety Bond Payment #6646401060, it was determined that this same Payee was issued Cashier's Checks in the total amount of $26,164.00 that remain outstanding and have never been presented.

We are processing the corresponding Full Credit to your account for these never presented Cashier's Checks – which total $26,164.00.

Full Credit, less any additional applicable Compliance Fees, is required to be matched by the corresponding Surety Bond - $26,164.00 - to protect against any future duplicate presentment that you are fully responsible for.

Although our Customer Agreement and other governing Regulations control the timing for fully crediting your account within 90 days or less of the processing of the Declaration of Loss/Surety Bond, we expect to expedite and completely resolve this matter within 10 business days <u>or less</u> and be able to fully credit your account for the full amount of all items that appear to have never been presented for payment.

We will contact you immediately upon finalizing and crediting your account in full.

Thank you for your patience.

**Warm Regards,**

Customer Advocate 142 (SAFE)
NMLSR ID: 1458355

Wells Fargo
MAC Z62107-0101
Tel 1-800-225-5935



Email Encryption Provided by Wells Fargo. Learn More

Email Security Powered by Voltage IBE(tm)
Copyright 2013 Wells Fargo. All rights reserved